IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| STEVEN MACIAS, HEIRS OF FERNANDO MACIAS AND REPRESENTATIVE OF THE ESTATE OF FERNANDO MACIAS; YVONNE SHILLING, HEIRS OF FERNANDO MACIAS AND REPRESENTATIVE OF THE ESTATE OF FERNANDO MACIAS; AND WALTER MACIAS, HEIRS OF FERNANDO MACIAS AND REPRESENTATIVE OF THE ESTATE OF FERNANDO MACIAS; | § § § § § § § § § § § § § § § § § § § § | SA-21-CV-00193-JKP |
| *Plaintiffs,* | | |
| vs. | | |
| BEXAR COUNTY, | | |
| *Defendant.* | | |

**REPORT AND RECOMMENDATION AND ORDER
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Jason K. Pulliam:**

This Report and Recommendation and Order concerns the following motions: Plaintiffs'

Motion for Leave to Amend [#60], Bexar County and Bexar County Medical Examiner's Office's

Objections to Subpoena, Motion to Quash Subpoena, and Motion for Protective Order [#66],

Community Medicine Associates d/b/a University Medicine Associates' Motion to Quash and for

Protective Order and Objections to Plaintiffs' Subpoena to Produce Documents, Information or

Objects or to Permit Inspection of Premises in a Civil Action [#67], University Medicine

Associates' Objections to and Motion to Strike Plaintiffs' Corrected Second Amended Complaint

[#68], Bexar County's Objections to and Motion to Strike Plaintiffs' Corrected Second Amended

Complaint [#69], and Bexar County's Motion to Compel Production of Medical Authorization Form [#70].

The District Court referred this case to the undersigned for pretrial proceedings pursuant to Western District of Texas Local Rule CV-72 and Appendix C on March 23, 2021 [#4]. The undersigned has authority to enter this recommendation and order pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). The undersigned held a hearing on the motions on March 21, 2023, at which counsel for Plaintiffs, Bexar County, and Community Medicine Associates d/b/a University Medicine Associates (hereinafter "University Medicine Associates") appeared via videoconference. Prior to the hearing, the parties filed a Joint Advisory [#72] indicating they had resolved Bexar County's Motion to Quash [#66], University Medicine Associates' Motion to Quash [#67], and Bexar County's Motion to Compel Production [#70]. At the conference, the parties agreed to the dismissal of these motions as moot. The hearing therefore addressed only Plaintiffs' Motion for Leave to Amend [#60] and Bexar County's and University Medicine Associates' Motions to Strike [#68, #69].

By their motion, Plaintiffs ask the Court for leave to file a Second Amended Complaint, to join additional parties, and/or for additional time to serve University Medicine Associates. After filing their motion, Plaintiffs filed a Supplement to their motion for leave, attached to which is a "Corrected" Second Amended Complaint. Bexar County and University Medicine Associates both ask the Court to strike Plaintiffs' the "corrected" pleading on the basis that it improperly asserts new factual allegations and causes of action that vastly expand the scope of this case without seeking leave of Court and allowing that expansion at this point in the case would cause them prejudice.

For the aforementioned reasons and the reasons set forth below, the undersigned will **dismiss as moot** Bexar County's Motion to Quash [#66], University Medicine Associates' Motion to Quash [#67], and Bexar County's Motion to Compel Production [#70]. The undersigned will also **recommend** the District Court **deny** Plaintiffs' Motion for Leave to Amend [#60]. Finally, in light of this recommendation, the undersigned further recommends that the District Court **dismiss as moot** Bexar County's Motion to Strike [#68] and University Medicine Associates' Motion to Strike [#69].

## I.  Background

This case arises out of the death of Fernando Macias on December 16, 2018. Mr. Macias was a pretrial detainee at the Bexar County Adult Detention Center at the time of his death. Mr. Macias suffered from severe mental illness and suffered a gunshot wound following a standoff with the Texas Rangers SWAT team and Bexar County deputies. The undersigned herein provides a detailed procedural history of this case for the benefit of the District Court and to demonstrate the significant confusion regarding the parties to this lawsuit.

Plaintiffs are the family members of Mr. Macias. Plaintiffs filed an Original Petition in state court on December 14, 2020, asserting claims under 42 U.S.C. § 1983 based on allegations of deliberate indifference to Mr. Macias's serious medical needs and unconstitutional conditions of confinement, as well as a Texas survivorship claim alleging the negligence of Mr. Macias's medical care providers. (Orig. Pet. [#1-1].) The Original Petition alleges that, after Mr. Macias recovered from his gunshot wound, he was in the custody of the Bexar County Adult Detention Center for months, until he developed sepsis and other serious medical conditions and was transferred to University Hospital for treatment on December 2, 2018. (*Id.* at ¶¶ 6–12.) Plaintiffs

allege Mr. Macias was not given the necessary treatments, medicines, and exams, which led directly to his death on December 16, 2018.  (*Id.*)

The Defendants named in the Original Petition were Bexar County, Bexar County Hospital District, University Hospital, Sheriff Javier Salazar, Laura Balditt, Ruben Vela, and Bobby Hogeland.  Plaintiffs allege that Bexar County Hospital District d/b/a University Health Systems was responsible for the medical treatment of all inmates at the Bexar County Adult Detention Center and the care for Mr. Macias during his detention.  (*Id.* at ¶ 15.)  Plaintiffs' Original Petition alleges that Sheriff Salazar, Ms. Balditt (the Assistant Bexar County Jail Administrator), Mr. Vela (interim Assistant Jail Administrator), and Mr. Hogeland (Assistant Chief Deputy and Jail Administrator) were responsible for the supervision and training of those providing Mr. Macias's medical care.  (*Id.* at ¶¶ 43–46.)

Bexar County, Sheriff Salazar, and Ms. Balditt (the "Bexar County Defendants") removed the Petition to federal court on March 1, 2021, and promptly moved to dismiss Plaintiffs' Petition for failure to state a claim.  (Notice of Removal [#1], at 1–4.)  These were the only three Defendants who had been served in state court prior to removal.  (Notice of Removal [#1].)  Plaintiffs responded to the motion to dismiss by filing a First Amended Complaint on March 22, 2021.  (First Am. Compl. [#3].)  The amended pleading named all of the same Defendants, except that it substituted a new defendant, University Medicine Associates, for the previously named University Hospital, and added John Does 1–5 as additional Defendants.  Plaintiffs alleged that while Mr. Macias was undergoing treatment at University Hospital immediately preceding his death, he was treated by physicians employed by University Medicine Associates.  (*Id.* at ¶ 7.)  The District Court mooted the motion to dismiss in light of the amended pleading, and the Bexar County

Defendants filed a second motion to dismiss, addressing deficiencies in the First Amended Complaint.

After the filing of the amended pleading, the District Court referred this case to the undersigned for pretrial case management, and the undersigned set an initial pretrial conference. The undersigned held the conference on May 21, 2021, at which counsel for Plaintiffs and the Bexar County Defendants appeared. At the conference, the undersigned entered a Scheduling Order to govern this case. The parties acknowledged at the conference that there were unserved parties, such as Mr. Hogeland and Mr. Vela, but no party discussed Bexar County Hospital District or University Medicine Associates.

Months later, on July 15, 2021, Plaintiffs requested issuance of summons for University Hospital, the Defendant named in the Original Petition but not named in the First Amended Complaint. There was a problem with the first summons for University Hospital, and so Plaintiffs requested reissuance of that summons on August 31, 2021. The summons listed the address for University Hospital as 4502 Medical Drive, San Antonio, Texas 78229. (Summons [#19].) On September 3, 2021, Plaintiffs also requested issuance of summons for Mr. Vela for the first time. The Clerk issued the requested summonses for both University Hospital and Vela.

Although no return of service was filed on the docket for either party, on September 29, 2021, Bexar County Hospital District d/b/a University Health f/k/a University Health System (hereinafter "University Health") filed a motion to dismiss. The motion argued that the summons to University Hospital was served on University Health on September 9, 2021—more than nine months after the filing of the Original Petition and five months after the filing of the Amended Complaint—and that Plaintiffs' claims against University Health should be dismissed for failure to effectuate timely service of process. The motion did not reference the fact that University

Hospital was no longer a party to the suit per the Amended Complaint; why University Health treated the service of a summons issued to University Hospital as service on University Health; or why the names University Health and University Hospital were being used interchangeably.  Nor did the motion reference the new defendant named in the First Amended Complaint, University Medicine Associates.  The motion merely explained that University Health has "maintained and operated offices within University Hospital" at 4502 Medical Drive in San Antonio during all relevant time periods and that George B. Hernandez, Jr., is the President and CEO of University Health and the agent for service.  The summons issued to Mr. Vela was never returned as executed.

On October 25, 2021, the District Court granted the Bexar County Defendants' motion to dismiss in part, and the Bexar County Defendants filed an interlocutory appeal to the Fifth Circuit on the denial of qualified immunity to Sheriff Salazar and Ms. Balditt.  On November 12, 2021, the District Court also granted University Health's motion to dismiss as unopposed, due to Plaintiffs' failure to file a response to the motion.  (Order [#27].)  The District Court's order dismissed without prejudice Plaintiffs' claims against University Health without any substantive discussion of the confusion regarding the names of the parties to the suit.

Plaintiffs and the Bexar County Defendants thereafter filed a motion to stay pending resolution of the interlocutory appeal on February 3, 2022.  The undersigned granted the motion the following day, vacated all scheduling order deadlines, and stayed the case pending a ruling from the Fifth Circuit.  This case remained stayed for months, until the Fifth Circuit issued an opinion on August 2, 2022, reversing the District Court's denial of qualified immunity and rendering judgment in favor of Sheriff Salazar and Ms. Balditt.  The undersigned reopened this case on October 4, 2022, dismissed these two Defendants, and set a status conference.  In the order setting the status conference, the undersigned directed Plaintiffs to be prepared to address why

their claims against the unserved Defendants should not be dismissed for want of prosecution. (Order [#36].)  The order erroneously listed University Hospital as one of the named unserved defendants rather than University Medicine Associates, although University Hospital was not a named party in the live pleading.  This confusion stemmed from the issuance of a summons to University Hospital at the request of Plaintiffs, the failure of University Health to address its legal relationship to University Hospital in the motion to dismiss, and the fact that the docketing clerk was never directed to terminate University Hospital as a party in this case when the First Amended Complaint substituted University Medicine Associates for this party.

In response to the order, University Health (a party not referenced in the undersigned's order setting the status conference or ordered to appear) filed a motion to be excused from the status conference, citing the District Court's dismissal order of October 25, 2021.  (Mtn. [#37].)  In this filing, for the first time, University Health asserted that it owns and operates University Hospital.  In response to the motion, the undersigned issued an order directing the docketing clerk to terminate University Hospital as a defendant and excusing University Health from attending the conference but reminding it that it may in its discretion choose to attend any court setting.  (Order [#38].)

The undersigned held the status conference on October 19, 2022, and counsel for Plaintiffs and Bexar County appeared.  At the conference, Plaintiffs' counsel explained that she no longer intended to pursue her claims against Mr. Vela, Mr. Hogeland or the John Doe Defendants named in the Amended Complaint but still desired to serve the legal entity employing the physicians responsible for Mr. Macias's medical care.  The undersigned explained to Plaintiffs' counsel that if there was another unnamed entity that she wished to add to the suit, she would have to file a motion for leave to amend or, if she believed there was an error in the District Court's dismissal

order dismissing University Health from this suit, that she could file a motion for clarification or to reconsider with the District Court.

After the conference, the undersigned issued an Amended Scheduling Order; terminated Mr. Vela, Mr. Hogeland, and John Does 1-5 as Defendants; and ordered that Plaintiffs file any motion to extend the time for service of "University Hospital Associates" on or before November 2, 2022.  (Am. Sched. Order [#41].)  The order entered by the undersigned erroneously referenced "University Hospital Associates" (a non-existent entity), rather than the named party, University Medicine Associates, due to ongoing confusion regarding the names of the parties referenced by Plaintiffs.  "University Hospital Associates" was never a named party in this suit.  Plaintiffs filed their motion for leave to extend the time of service, requesting 21 additional days to serve the nonexistent "University Hospital Associates," and the undersigned granted the motion as unopposed, directing Plaintiffs to serve "University Hospital Associates" on or before December 5, 2022.  (Order [#43].)

Rather than informing the Court that the order incorrectly referred to University Medicine Associates as "University Hospital Associates," Plaintiffs requested issuance of summons on "University Hospital Associates" (at the same address at 4502 Medical Drive in San Antonio as previous service on University Hospital and University Health) on December 2, 2022.  The following day, Plaintiffs requested issuance of summons on University ***Medical*** Associates at the same address (not University ***Medicine*** Associates as listed in the First Amended Complaint) and listed the registered agent for service as George B. Hernandez, Jr.  However, the return of service filed on the docket, reflecting service on Mr. Hernandez on December 3, 2022, was the summons issued to "University Hospital Associates," not University Medical (or Medicine) Associates. (Return of Summons [#49].)   No answer or responsive pleading was filed by any of these parties.

On December 21, 2022, Plaintiffs moved to amend their pleadings and add University Health Systems of Texas, Inc. d/b/a University ***Medical*** Associates as a party, although the body of the motion repeatedly referenced University ***Medicine*** Associates.  University Health filed a response to the motion, arguing that a summons was served on one of its employees but the summons was directed to an entity that does not exist and requesting the Court deny Plaintiffs any further leave to attempt reservice.  Attached to the response was the Affidavit of Serina Rivela, Chief Legal Officer of University Health, stating that University Health owns and operates University Hospital and that there is no entity named "University Hospital Associates" but that Community Medicine Associates d/b/a University Medicine Associates was created by University Health to facilitate employment of physicians.  (Rivela Aff. [#53-5], at 1–2.)  The affidavit further states that University Medicine Associates is a non-profit health organization, which is not a political subdivision of the State of Texas or a governmental entity and does not do business as "University Hospital Associates."  (*Id.* at 2.)  University Health also attached to its motion additional information, such as pages from its website to further highlight and clarify the relationship between University Health and University Medicine Associates.  (Webpages [#53-6, #53-7].)  University Health also filed a separate motion, asking the Court strike the summons served on "University Hospital Associates"; order that Plaintiffs not be given leave of court for additional time to serve University Medicine Associates; and to dismiss all claims, if any, against University Medicine Associates.

In response, Plaintiffs moved to voluntarily dismiss their claims against University ***Medical*** Associates and University Health Systems of Texas, Inc d/b/a University ***Medical*** Associates and to withdraw the motion to join.  In this filing, Plaintiffs again made incorrect statements regarding the relationship between Bexar County, University Health, and University

9

___Medical___ Associates, in direct contradiction to the information previously provided by these entities in their filings and specifically in the pending motion to dismiss.  In light of the filing, the undersigned dismissed as moot Plaintiffs' motion to amend and add University Health Systems of Texas d/b/a University ___Medical___ Associates and ordered University Health to file an advisory as to whether the dismissal also mooted its pending motion to dismiss or whether a ruling was still required.  The advisory indicated University Health was still requesting a ruling.  Plaintiffs never filed a response to the motion to dismiss.

The District Court held a hearing on University Health's motion to dismiss on January 25, 2023, after which the District Court issued a ruling memorializing the representations during the hearing.  The order dismissed the motion as moot, reiterated the previous dismissal of University Health from this case, and explained that Plaintiffs' counsel confirmed at the hearing that Plaintiffs were trying to serve an entity not affiliated with Bexar County that is a separate legal entity— University Medicine Associates.  The District Court then directed Plaintiff to file any motion for leave to serve University Medicine Associates by February 1, 2023.  (Order [#59].)

At this juncture, the parties filed the motions currently before the Court.  Rather than simply filing a motion for leave to serve University Medicine Associates (a party named in the live pleading), Plaintiffs filed a motion for leave to file a Second Amended Complaint [#60] and filed their Second Amended Complaint on the docket [#60-1] rather than attaching it as a proposed amended pleading to the motion.  The Second Amended Complaint added additional Defendants, Monika Kapur and Liem Due (President and Medical Director of University Medicine Associates), as well as additional factual allegations.  In the alternative, this motion requested leave to serve University Medicine Associates with the First Amended Complaint.

Both Bexar County and University Medicine Associates filed responses to the motion [#62, #63], arguing Plaintiffs' requests for leave to amend and to serve University Medicine Associates should be denied.  In response, Plaintiffs filed a supplement to their motion for leave, to which they attached a "Corrected" Second Amended Complaint [#64].  This "corrected" pleading again contains allegations against Dr. Kapur and Dr. Du but also adds over 30 pages of additional factual allegations against Bexar County and the other Defendants.  The supplement led to the filing of the motions to strike currently before the Court filed by University Medicine Associates and Bexar County [#68, #69].  These motions argue that the Court should strike the "Corrected" Second Amended Complaint for Plaintiffs' failure to seek leave to further amend the pleadings as to Bexar County and to add new claims and argues that allowing the additional factual allegations at this point would be prejudicial.  The motions are ripe for review.

## II. Analysis

The District Court should deny Plaintiffs' request for leave to amend to add new parties and new claims, deny Plaintiffs' request for additional time to serve University Medicine Associates, strike Plaintiffs' Second Amended Complaint, and dismiss as moot Bexar County and University Medicine Associates' motions to strike.

First, Plaintiffs' request for leave to amend to add new parties and new claims is untimely and should be denied.  The current Scheduling Order set a deadline of December 21, 2022, for the parties to file any motion seeking leave to amend the pleadings or to join new parties.  Plaintiffs did not file their motion for leave to amend and to add new parties until February 1, 2023.  The undersigned warned Plaintiffs at the October 19, 2022 status conference that if they desired to name any additional parties, that they should file a motion for leave within the Scheduling Order deadlines.  Plaintiffs failed to do so.  Additionally, at its hearing on January 25, 2023, the District

Court did not direct Plaintiffs to file a motion for leave to amend but only to file a motion for leave to serve University Medicine Associates.

Moreover, Plaintiffs cite Rule 15 in their motion and argue that leave to amend should be freely given.  But Rule 15 does not govern requests for leave to amend filed after the expiration of the deadlines in a scheduling order.  Such requests are governed by Rule 16(b), which requires a showing of "good cause."  *S & W Enters., L.L. C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003).  The factors that are considered under Rule 16(b) when determining whether a litigant has demonstrated "good cause" for not meeting a scheduling order deadline are: "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541 (5th Cir. 2003).  Plaintiffs do not address any of these factors in their motion, merely arguing that they wish to add new claims and new parties at this late juncture, after this case has been pending for over two years.  Plaintiffs' motion fails to demonstrate good cause for allowing further amendments outside of the Scheduling Order's deadlines.

Plaintiffs' request for leave to serve University Medicine Associates out of time should also be denied.  Plaintiffs originally filed this lawsuit on December 14, 2020, in state court.  They first named University Medicine Associates in the First Amended Complaint, which was filed on March 22, 2021.  Under Rule 4(m) of the Federal Rules of Civil Procedure, service on University Medicine Associates was due within 90 days of the filing of this pleading on June 21, 2021, almost two years ago.  Fed. R. Civ. P. 4(m).  Due to Plaintiffs' confusion about whether University Medicine Associates was the proper entity to sue in this lawsuit, the stay of this case during the interlocutory appeal at the Fifth Circuit, and various errors of the parties and even this Court in

12

referencing the entity Plaintiffs now believe to be University Medicine Associates, the Court granted Plaintiffs additional time to complete service on this entity until December 5, 2022. Although Plaintiffs served an entity by that date and even requested summons be issued as to University ***Medical*** Associates, they still did not effectuate proper service of process on University Medicine Associates by the extended deadline imposed by the Court.  It is simply too late to seek yet another extension of time.

Plaintiffs are the masters of their pleading, and it is Plaintiffs' responsibility to diligently pursue their claims at all stages of this lawsuit.  Plaintiffs have been far from diligent from the beginning, even taking into consideration their confusion about the proper entity to sue.  Just some of the examples of this lack of diligence include Plaintiffs' failure to request issuance of summonses for all the named Defendants in this action upon filing the Original Petition and the First Amended Petition; Plaintiffs' failure to respond to the motion to dismiss filed early on in this case by University Health; Plaintiffs' failure to alert the Court to its error in referring to University Medicine Associates as "University Hospital Associates" in the Amended Scheduling Order issued following the lifting of the stay in this case; Plaintiffs' numerous filings containing incorrect information regarding the parties; Plaintiffs' request for summons to be issued to University ***Medical*** Associates; and Plaintiffs' failure to serve University Medicine Associates before December 5, 2022.  This Court has been generous with Plaintiffs in their attempt to identify the correct parties and to get them served.  Yet despite numerous opportunities to serve University Medicine Associates beyond the original deadline to do so, Plaintiffs still have not properly served this party.

Moreover, as University Medicine Associates and Bexar County address in their responses to Plaintiffs' motion for leave, allowing service on this party at this late stage of the proceedings

raises possible statute-of-limitations issues, as well as concerns regarding Plaintiffs' ability to sue University Medicine Associates, a 501(c)(3) non-profit health organization, under Section 1983. (*See* Rivela Aff. [#53-5], at 1–2.)  In summary, Plaintiffs have been primarily responsible for the significant issues in the early procedural history of this case, and the District Court should deny the request for leave to amend.

In light of the recommendation to deny Plaintiffs' request for leave to amend their pleadings or to have additional time to serve University Medicine Associates, the undersigned will also recommend that the District Court strike Plaintiffs' Second Amended Complaint improperly filed on the docket [#61] and dismiss as moot Bexar County's and University Medicine Associates' motions to strike the "Corrected" Second Amended Complaint filed as a supplement to Plaintiffs' motion for leave [#68, #69].  If the District Court adopts the undersigned's recommendations herein, this case shall proceed only against Bexar County based on the allegations contained in the First Amended Complaint filed by Plaintiffs in March of 2021.

### III.  Conclusion and Recommendation

Having considered the motions before the Court, the responses and related filings, the Joint Advisory filed prior to the Court's hearing, the arguments at the Court's recent hearing, the governing law, and the procedural history of this case,

**IT IS HEREBY ORDERED** that Bexar County and Bexar County Medical Examiner's Office's Objections to Subpoena, Motion to Quash Subpoena, and Motion for Protective Order [#66], Community Medicine Associates d/b/a University Medicine Associates' Motion to Quash and for Protective Order and Objections to Plaintiffs' Subpoena to Produce Documents, Information or Objects or to Permit Inspection of Premises in a Civil Action [#67], and Bexar

County's Motion to Compel Production of Medical Authorization Form [#70] are **DISMISSED AS MOOT**.

It is further **recommended** that the District Court **deny** Plaintiffs' Motion for Leave to Amend [#60], **strike** Plaintiffs' Second Amended Complaint [#61], and **dismiss as moot** University Medicine Associates' Objections to and Motion to Strike Plaintiffs' Corrected Second Amended Complaint [#68] and Bexar County's Objections to and Motion to Strike Plaintiffs' Corrected Second Amended Complaint [#69].

### IV.  Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The party shall file the objections with the Clerk of Court and serve the objections on all other parties.  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.  *Thomas v. Arn*, 474 U.S. 140, 149–52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000).  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from

attacking on appeal the un-objected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 28th day of March, 2023.

ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE

16