UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

STEVEN MACIAS, HEIRS OF
FERNANDO MACIAS AND
REPRESENTATIVE OF THE ESTATE
OF FERNANDO MACIAS; YVONNE
SHILLING, HEIRS OF FERNANDO
MACIAS AND REPRESENTATIVE OF
THE ESTATE OF FERNANDO
MACIAS; AND WALTER MACIAS,
HEIRS OF FERNANDO MACIAS AND
REPRESENTATIVE OF THE ESTATE
OF FERNANDO MACIAS;

*Plaintiffs*

v.

BEXAR COUNTY, UNIVERSITY
MEDICAL ASSOCIATES,

*Defendants*

Case No. SA-21-CV-00193-JKP

**O R D E R**

Before the Court is Magistrate Judge Elizabeth S. Chestney's Report and Recommendation addressing several motions filed by Plaintiffs and Defendant Bexar County and a nonparty, University Medicine Associates (incorrectly named as University Medical Associates). *ECF Nos. 60,61,68,69,77*. Magistrate Judge Chestney recommends this Court deny Plaintiffs' Motion for Leave to Amend Complaint, strike Plaintiffs' Second Amended Complaint, and dismiss as moot University Medicine Associates' Objections to and Motion to Strike Plaintiffs' Corrected Second Amended Complaint and Bexar County's Objections to and

Motion to Strike Plaintiffs' Corrected Second Amended Complaint. *ECF No. 77*. Plaintiffs filed timely objections to the Report and Recommendation. *ECF No. 82*.

## Factual Background

Magistrate Judge Chestney proficiently outlined the historical procedure of the filings and dispositions in this case based upon her experience in handling these pretrial management matters. This Court incorporates this procedural history, explanation of the current procedural posture, and explanation of the confusion of the party names and Plaintiffs' service upon the wrong entities.

## Legal Standard

Magistrate judges' authority to rule on pretrial motions arises from two sources: The Federal Magistrates Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72. Under § 636, a district judge may designate a magistrate judge to hear and decide any pretrial matter, except for eight specified motions. 28 U.S.C. § 636(b)(1)(A). Motions for leave to amend pleadings are not listed under § 636 as a pretrial matter excepted from a magistrate judge's authority. *See id*. Federal Rule 72, which directs magistrate judges' authority over pretrial matters, does not specifically list the eight motions referenced in § 636(b)(1)(A), but generally divides pretrial matters into two categories: nondispositive and dispositive. Fed. R. Civ. P. 72. Federal Rule 72 defines as nondispositive any "pretrial matter not dispositive of a party's claim or defense. *Id*. at 72(a). Historically, in the Fifth Circuit, courts assume a motion for leave to amend that disposes of an *existing* cause of action, counterclaim, or defense falls outside a magistrate judge's authority; however, a motion for leave to amend that does not dispose of an *existing* cause of action, counterclaim, or defense is within a magistrate judge's authority because it is not excepted under § 636 and is non-dispositive as defined by Federal Rule 72. *See Pyca Indus., Inc.*

2

*v. Harrison Cnty. Waste Water Mgmt. Dist*., 81 F.3d 1412, 1421 (5th Cir. 1996); *Martin v. Frail*, No. SA-09-CA-695, 2012 WL 12950505, at *1–3 (W.D. Tex. July 26, 2012); *see also Dalrymple v. United States Postal Serv.*, No. CV 18-14237, 2020 WL 1181845, at *2 (E.D. La. Mar. 12, 2020); *Carlisle v. Normand*, No. CV 16-3767, 2019 WL 3718053, at *7, fn. 53 (E.D. La. Aug. 7, 2019); *Varnado v. Leblanc*, No. CV 13-348, 2016 WL 6542720, at *1, fn. 3 (M.D. La. Nov. 3, 2016); *United States v. Parker*, No. 12-CR-002673, 2015 WL 12513430, at *14, fn. 6 (W.D. Tex. Dec. 18, 2015).

Under the procedural posture here, Magistrate Judge Chestney recommends denying the Macias Plaintiffs' Motion for Leave to Amend because the Scheduling Order deadline passed, and they were given ample opportunity to amend but did not. In addition, although this Court directed the Macias Plaintiffs to file a Motion for Leave to Serve University Medicine Associates, they, instead, filed this Motion for Leave to Amend the First Amended Complaint. Thereby, the Macias Plaintiffs attempted to amend the First Amended Complaint outside the deadlines set by the Scheduling Order and sought to add new defendants and new causes of action and include numerous additional factual allegations. For this reason, this Court finds any ruling on the Motion for Leave to Amend would not address any *existing* claims or causes of actions; it simply would preclude the Macias Plaintiffs from a late assertion of *new* causes of action and *new* supporting factual allegations after the Scheduling Order deadline for amendment of pleadings passed. Further, the striking of the premature Second Amended Complaint did not dismiss an *existing* cause of action or party.

This Court follows the courts' reasoning in these cited authority holding a motion for leave to amend, and the striking of the Amended Complaint under these facts, is a non-dispositive matter pursuant to §636 and Federal Rule 72(a), under which a magistrate judge, may

issue an Order, not a Report and Recommendation. *See id.; see also Martin v. Frail*, 2012 WL 12950505, at *1–3. Consequently, this Court determines the Motion for Leave to Amend is a non-dispositive matter, and therefore, construes Magistrate Judge Chestney's Report and Recommendation as an Order denying the same, and the Macias Plaintiffs' Objections to the Report and Recommendation are construed as an appeal from this Order.

## Standard of Review

Federal law affords a magistrate judge broad discretion in the resolution of non-dispositive pretrial matters. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). This Court may only set aside a magistrate judge's order if it is clearly erroneous or contrary to the law. *Id.; see also, Castillo v. Frank,* 70 F.3d 382, 385 (5th Cir. 1995). "A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.,* 333 U.S. 364, 395 (1948).

## Discussion

**Issues Raised on Appeal**

The Macias Plaintiffs present many arguments on appeal of the denial of their Motion for Leave to Amend and striking of the premature Second Amended Complaint. However, only two specifically address Magistrate Judge Chestney's ruling and present argument pertaining specifically to any alleged error:[1] (1) Magistrate Judge Chestney analyzed the Motion for Leave

---

[1] The Macias Plaintiffs present additional argument that: (1) Actions under 42 USC §1983 borrow limitations and tolling periods from Texas law, and the executor of Macias's estate "did not qualify before the expiration of the 12-month period."; (2) "the Texas rule requiring due diligence in service does not apply to Section 1983 claims filed in federal court. . . . [Therefore,] "claims alleged here related back to the original filing for constitutional claims alleged against the defendants since there was an error based on a misnomer, and Plaintiffs are afforded to opportunity to amend and join the proper parties and claims so long as the original facts support the amendment, and (3) University Medicine Associates had imputed notice through shared counsel, and "have not and will not be prejudiced by allowing them to be joined to the lawsuit as they were responsible for the medical care of Fernando Macias and the other 70 individuals who died in the custody of the Bexar County jail." This Court will not address

to Amend pursuant to Federal Rule 16, rather than the more liberal standard of Federal Rule 15; and (2) Magistrate Judge Chestney struck the Second Amended Complaint "without citing any authority" or legal basis to support this action.

**(1) Motion for Leave to Amend**

As basis for this appeal of disposition of their Motion for Leave to Amend, the Macias Plaintiffs contend Magistrate Judge Chestney incorrectly analyzed their Motion. The Macias Plaintiffs contend the factors set forth in Federal Rule 15 support granting leave to amend their Complaint.

Once a scheduling order deadline to amend pleadings passes, it "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *Hawthorne Land Co. v. Occidental Chem. Corp.*, 431 F.3d 221, 227 (5th Cir. 2006). The "good cause" standard requires the "party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enter., LLC v. Southtrust Bank of Al., NA*, 315 F.3d 533, 535-36 (5th Cir. 2003). Only upon the movant's demonstration of good cause to modify the scheduling order deadline to amend pleadings will the more liberal standard of Rule 15(a) apply to the district court's decision to grant or deny leave," that is "leave to amend should be freely given." *Id.*; *Hawthorne Land Co.*, 431 F.3d at 227.

Review of the procedural history and this Court's ruling and direction at the hearing held on January 25, 2023, reveals Magistrate Judge Chestney applied the correct standard and analysis. The Macias Plaintiffs filed a Motion to Amend and serve University *Medical* Associates prior to the Scheduling Order deadline. At a status conference before this Court, the Macias Plaintiffs's counsel informed the Court of her intent to file a Motion for Leave to Serve University *Medicine* Associates, and this Court instructed the Motion be filed by February 1,

---

these arguments, as they do not specifically present any argument pertaining to alleged error committed by Magistrate Judge Chestney.

2023. Instead, the Macias Plaintiffs filed this Motion for Leave to Amend the Complaint. Because the Macias Plaintiffs filed a Motion for Leave to Amend the Complaint after the Scheduling Order deadline, Magistrate Judge Chestney's analysis is governed by Federal Rule 16, not Federal Rule 15, and she did utilize Federal Rule 16 in her determination and analysis.

Based upon the clear procedural facts and applicable law, Magistrate Judge Chestney did not commit clear error or rule contrary to the law.[2] Accordingly, the Macias Plaintiffs's Motion for Leave to Amend the First Amended Complaint (*ECF No. 60*) is DENIED.

### (2) Striking of Amended Complaint

Once the Scheduling Order deadline to amend pleadings is past, a party must obtain leave of Court to file an amended pleading. *See* Fed. R. Civ. P. 15(a), 16(b)(3),(4).

The Macias Plaintiffs correctly argue "the failure to attach the proposed amended complaint has supported the denial of leave to amend. Attaching the proposed amended complaint assists the court. . . ." However, the Macias Plaintiffs did not "attach" the proposed amended complaint to the Motion for Leave, but instead, filed it.

Here, the Macias Plaintiffs filed a Motion for Leave to Amend, and without ruling from the Court, filed the late Second Amended Complaint. The Macias Plaintiffs did not obtain the necessary leave of Court before filing the premature Second Amended Complaint, and therefore, the striking the of Second Amended Complaint is not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 15(a), 16(b)(3),(4).

Accordingly, the Macias Plaintiffs's objection to, or appeal of, the striking the Second Amended Complaint is overruled. The Clerk of Court is directed to strike the Macias Plaintiffs's Second Amended Complaint (*ECF No. 61*).

---

[2] Although the Macias Plaintiffs are entitled to review for clear error in this appeal, given the complexity of the procedural facts and circumstances in this case, this Court necessarily conducted de novo review of the case filings and of Magistrate Judge Chestney's determination. After even a de novo review, this Court draws the same conclusion: the Macias Plaintiffs's Motion for Leave to Amend shall be DENIED.

**Conclusion**

For the reasons stated, the Macias Plaintiffs' Motion for Leave to Amend the First Amended Complaint (*ECF No. 60*) is DENIED. The Clerk of Court is directed to strike the Second Amended Complaint (*ECF No 61*). Based upon these rulings, University Medicine Associates' Objections to and Motion to Strike Plaintiffs' Corrected Second Amended Complaint (*ECF No. 68*) and Bexar County's Objections to and Motion to Strike Plaintiffs' Corrected Second Amended Complaint (*ECF No. 69*) are moot. The Clerk of Court is directed to dismiss as moot these Motions to Strike.

It is so ORDERED.
SIGNED this 25th day of April, 2023.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE