IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| STEVEN MACIAS, HEIRS OF FERNANDO MACIAS AND REPRESENTATIVE OF THE ESTATE OF FERNANDO MACIAS; YVONNE SHILLING, HEIRS OF FERNANDO MACIAS AND REPRESENTATIVE OF THE ESTATE OF FERNANDO MACIAS; AND WALTER MACIAS, HEIRS OF FERNANDO MACIAS AND REPRESENTATIVE OF THE ESTATE OF FERNANDO MACIAS;<br><br>*Plaintiffs,*<br><br>vs.<br><br>BEXAR COUNTY, UNIVERSITY MEDICAL ASSOCIATES,<br><br>*Defendants.* | SA-21-CV-00193-JKP |

## **ORDER**

Before the Court in the above-styled cause of action is Plaintiffs' Opposed Motion for Extension of Discovery Deadlines [#89]. By their motion, Plaintiffs ask the Court to extend the discovery deadline from August 24, 2023, to October 25, 2023. Plaintiffs' motion states that they have not yet had the opportunity to depose a number of "key witnesses" and need additional time to do so. Defendants filed a response in opposition to the motion [#91], requesting the Court deny the requested extension. The Court will deny the motion.

Scheduling orders can only be modified for good cause and with the judge's consent. Fed. R. Civ. P. 16(b)(4). "The good cause standard requires the party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 535 (5th Cir. 2003) (internal

1

quotation and citation omitted). There are four factors to consider when evaluating good cause under Rule 16(b)(4): (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice. *Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015).

Plaintiff has not established good cause for the requested amendment, especially in light of the procedural posture of this case, which has already been pending for over two and a half years. Plaintiffs filed their Original Petition in December of 2020, and Defendants removed the case to this Court in March of 2021. Discovery was originally set to close in March of 2022 per the initial Scheduling Order. The Court has already twice modified the Scheduling Order, most recently extending the discovery deadline on April 5, 2023, to the current August 24, 2023 deadline. In the Order, the Court clearly stated that "[t]here will be no further extensions of deadlines in this case." (Order [#79].) Furthermore, Plaintiffs have not established that they have diligently pursued discovery, particularly depositions, during the existing discovery period. According to Defendants' response in opposition of Plaintiffs' motion, Plaintiffs have only noticed one deposition. Plaintiffs have been on notice since early April that the Court intended to close discovery on August 24, 2023, with no further extensions. Plaintiffs' request to extend the discovery deadline to depose an additional 21 witnesses at this late juncture will not be granted.

**IT IS HEREBY ORDERED** that Plaintiffs' Opposed Motion for Extension of Discovery Deadlines [#89] is **DENIED**.

**IT IS SO ORDERED.**

SIGNED this 11th day of September, 2023.

_____
ELIZABETH S. ("BETSY") CHESTNEY
UNITED STATES MAGISTRATE JUDGE